# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC J. RHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-784 CAS |
| | ) | |
| FIREMAN'S INSURANCE CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Eric J. Rhett for leave to commence this action without payment of the required filing fee. The Court will grant the motion. Furthermore, for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. ' 1915(e)(2)(B).

## 28 U.S.C. ' 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if Ait lacks an arguable basis in either law or in fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under ' 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court

must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff seeks monetary relief in this action brought pursuant to 42 U.S.C. ' 1983 for "a federal civil rights violation of entitlement." The named defendants are Fireman's Insurance Company, Barbara A. Hahn ("Tech Claim Manager, Monticello Insurance Company"), and Unknown O'Brien (a Claim Manager at Fireman's Insurance Company in O'Fallon, Missouri). Plaintiff summarily alleges that he permanently injured his cervical spine and "federal civil laws demands [sic] that [he] be substantially rewarded." Plaintiff states that he "demands to be relieved from Superior State court record, plus the $12,500.00 offer was not accepted." He asks this Court to refrain from granting "New Jersey District Courts [and] there [sic] state courts another opportunity to grant relief" and states that "[a]ll New Jersey state authorities involve [sic] has – and conspired to promote and direct medical fraud through any resources." In addition, plaintiff summarily asserts pendent state-law claims for negligence and "strict liability."

**Discussion**

To state a claim under ' 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally-protected federal right. Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009). Plaintiff has failed to allege, and there is no indication, that any of the three named defendants are state actors within the meaning of ' 1983. Moreover, plaintiff=s allegations do not rise to the level of a constitutional violation and fail to state a claim or cause of action under ' 1983. For these reasons, the Court will dismiss this action pursuant to ' 1915(e)(2)(B).

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well. See 28 U.S.C. ' 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co.,851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

To the extent that plaintiff is now seeking enforcement of or compliance with a New Jersey state-court judgment, his remedies lie not in federal district court, but rather, with the New Jersey state courts or the United States Supreme Court. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." Id. Similarly, this Court lacks jurisdiction to review a judgment of a Federal District Court in New Jersey.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall docket this as Eric J. Rhett v. Fireman's Insurance Company, Barbara A. Hahn, and Unknown O'Brian.

**IT IS FURTHER ORDERED** that plaintiff=s motion for leave to proceed in forma pauperis is **GRANTED.** [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. ' 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated   this 9th day of May, 2014.